(No. 2220—

ANNA WILSON, Claimant, *vs.* STATE OF ILLINOIS, Respondent.

*Opinion filed April 9, 1935.*

JEROME R. FINKLE, for claimant.

OTTO KERNER, Attorney General; JOHN KASSERMAN, Assistant Attorney General, for respondent.

MR. JUSTICE YANTIS delivered the opinion of the court:

Plaintiff was employed as an attendant at the Lincoln State School and Colony, an institution maintained by the State of Illinois at Lincoln, Illinois for the treatment and care of feeble-minded persons. Her complaint alleges that on the 27th day of October, 1932, while she was attending one of the patients a struggle ensued, during which plaintiff fell, striking her elbow on the floor; that the accident resulted in the left arm being broken, the bone splintered and injuries to the left shoulder. She was attended by Dr. Comstock, a resident physician in the school, and was treated in the hospital of the institution, where she remained for a period of five weeks. During this time Dr. R. E. Holben, a resident managing officer, also attended her. Medical reports by the latter show that the claimant suffered a backward dislocation of the left elbow and a complete fracture of the head of the left radius with a forward dislocation. Claimant's income at the time of the injury was Fifty-four Dollars ($54.00) per month with full maintenance, such maintenance being figured by the Department of Public Welfare on a basis of Twenty-four Dollars ($24.00) per month, or a total compensation of Seventy-eight Dollars ($78.00) per month.

Plaintiff claims damages in the sum of Three Thousand Dollars ($3,000.00).

A claim was filed on July 22, 1933. A stipulation as to facts was entered into between the parties on the 9th day of November, 1934. The last examination of plaintiff by Dr. Holben, according to the record, was made on October 18, 1934. At the time of this examination Dr. Holben in answer to the question, "Is there a permanent disability?"; answered "Yes" and in answer to question "If so, what per cent?"; answered "I would say 25%." In a report, however, dated May 24, 1934, which is also made a part of the evidence by stipulation of counsel, Dr. Holben stated "There was no pathology in the left shoulder, although the patient hasn't more than fifty per cent (50%) usage of shoulder. She cannot supinate the left forearm but pronation is nominal." The court is necessarily governed by the physical condition of the injured employee as disclosed by the last physical examination. This is especially true where the different examinations have been conducted by the same doctor.

Sub-section 13 of Section 8 (e) of the Workmen's Compensation Act provides:

"For the loss of an arm, or the permanent and complete loss of its use fifty per centum of the average weekly wage during 225 weeks."

Plaintiff would therefore be entitled, on the basis of a partial permanent disability of twenty-five per cent (25%) loss of use of her arm, to the sum of Five Hundred Six and 25/100 Dollars ($506.25) in payments of Nine Dollars ($9.00) per week for 56¼ weeks. As the entire period during which such payments have accrued has passed, no commutation is proper. An award is therefore entered in favor of Anna Wilson in the sum of Five Hundred Six and 25/100 Dollars ($506.25.)